IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Walter Farris,  Case No. 3:12 CV 949

               Plaintiff,  MEMORANDUM OPINION
AND ORDER

    -vs-

                                      JUDGE JACK ZOUHARY

Janet Gioffre,

               Defendant.

## INTRODUCTION

*Pro se* Plaintiff Walter Farris filed this action against Social Security employee Janet Gioffre. Plaintiff alleges he has been unable to resolve an issue concerning his Social Security benefits, and seeks unspecified relief. Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. 2). For reasons set forth below, Plaintiff's action is dismissed.

## BACKGROUND

The Complaint (Doc. 1) is very brief and contains few factual allegations. Essentially, Plaintiff alleges Defendant determined he received an overpayment of Social Security benefits and decided he should pay restitution. According to Plaintiff, Defendant is mistaken because he was not receiving Social Security benefits during the time in question (Doc. 1 at 3). Plaintiff also alleges there was a "black out of paperwork" and his name was submitted without his consent. Plaintiff further alleges Defendant would not allow individuals he brought with him for moral support to enter the hearing room. Plaintiff states he has documentation to support his claim and would like

to present it to the proper authorities, but has been unable to receive a hearing on his request for reconsideration (Doc 1 at 2). Plaintiff does not specify the legal basis for his Complaint.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it lacks an arguable basis in law or fact, or if it fails to state a claim upon which relief can be granted. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir. 1996). Moreover, *in forma pauperis* claims may be dismissed *sua sponte* without notice or service of process if the court invokes Section 1915(e) and dismisses the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997).

A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. While Plaintiff is not required to include detailed factual allegations, he must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *See Iqbal*, 129 S. Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* This Court must construe the Complaint in the light most favorable to Plaintiff. *See Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

Because Plaintiff does not provide a cause of action in his Complaint, it is difficult to determine the type of action he intended to file. Plaintiff may intend to seek judicial review of Defendant's determination regarding his benefits, but his civil cover sheet states he is asserting claims under the False Claims Act and the civil rights statutes (Doc. 1-1). This Court finds Plaintiff fails to state a claim upon which relief may be granted for each of these potential causes of action.

This Court's jurisdiction to review the denial of Social Security benefits lies under 42 U.S.C. §§ 405(g)–(h). *See Willis v. Sullivan*, 931 F.2d 390, 396 (6th Cir.1991). To obtain judicial review of a Social Security claim, a claimant must follow a four-step process. First, the Commissioner must make an initial determination on the claim. A claimant may then seek reconsideration. *See* 20 C.F.R. § 404.909. After reconsideration, a claimant may request a hearing before an administrative law judge. *See* 20 C.F.R. § 404.933. Review of the administrative law judge's decision can be sought from the Appeals Council. 20 C.F.R. §404.955. Only after the Appeals Council has made its determination is there a "final decision" by the Commissioner within the meaning of Section 405(g). *See Johnson v. Commissioner of Social Sec.*, 97 F. App'x 526, 527–28 (6th Cir. 2004). Once a final decision has been made, the claimant may seek judicial review. *Id*.

Plaintiff states he is awaiting a hearing on his request for reconsideration. Although he suggests the administrative review process has stalled, he cannot immediately proceed to federal court and bypass the remaining administrative steps. His claim is therefore not ripe for review.

Furthermore, Plaintiff has not stated a claim under the False Claims Act, 31 U.S.C. § 3729, which "provide[s] for restitution to the government of money taken from it by fraud." *United States ex rel. Augustine v. Century Health Services, Inc.*, 289 F.3d 409, 413 (6th Cir. 2002). The statute prohibits the knowing submission of false claims to the United States Government, and covers "all fraudulent attempts to cause the Government to pay out sums of money." *United States v.*

*Neifert-White Co.*, 390 U.S. 228, 232–33 (1968). Anyone who violates the Act is liable to the Government for civil penalties and damages. *Id.*

The injured party in a False Claims Act case is the Government. While the Act permits a private individual to bring an action on behalf of the Government, it is the United States -- not the private individual -- who is the injured party in the suit. *See* 31 U.S.C. § 3730(b). In this case, Plaintiff asserts he is the injured party. Specifically, Plaintiff alleges Defendant made a decision regarding Plaintiff's Social Security benefits which Plaintiff contends is based on inaccurate information. These allegations do not satisfy the basic elements for a cause of action under the False Claims Act.

Plaintiff also indicates on his civil cover sheet he is asserting a claim for violation of "Other Civil Rights" (Doc. 1-1), but does not state which civil rights Defendant violated. When evaluating a civil rights claim, this Court must first determine whether Plaintiff has asserted a violation of a constitutional right. *See Siegert v. Gilley*, 500 U.S. 226, 232 (1991). Absent the assertion of some constitutional violation, Plaintiff cannot proceed with a civil rights claim.

Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Complaint must give Defendant fair notice of what Plaintiff's claim is and the grounds upon which it rests. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). It is not the role of this Court to construct possible claims for any party, including a *pro se* plaintiff, and then proceed to test whether the asserted facts fit that claim or claims to evade dismissal of a complaint. *Glass v. Tennessee*, 2011 WL 1226252 at * 2 (E.D. Tenn. 2011). This Court's role is to adjudicate disputes, not assist in asserting them. *Id.* Even applying a liberal construction and active interpretation to the Complaint, Plaintiff does not sufficiently state a claim which satisfies the minimum pleading standards of Federal Civil Rule 8.

**CONCLUSION**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted, and this action is dismissed pursuant to Section 1915(e). Furthermore, under Section 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

IT IS SO ORDERED

                                           s/ *Jack Zouhary*
                                           JACK ZOUHARY
                                           U. S. DISTRICT JUDGE

September 12, 2012